1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LANCE WILLIAMS,                         No.  16-cv-0025 TLN CKD P

12                Plaintiff,

13        v.                                 ORDER

14   DEGEORGES, et al.,

15                Defendants.

16

17        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil

18   rights under 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302

19   pursuant to 28 U.S.C. § 636(b)(1).

20        Plaintiff has requested leave to proceed in forma pauperis.  Title 28 U.S.C. § 1915(g)

21   reads as follows:

22            In no event shall a prisoner bring a civil action . . . [in forma
             pauperis] if the prisoner has, on 3 or more prior occasions, while
23            incarcerated or detained in any facility, brought an action or appeal
             in a court of the United States that was dismissed on the grounds
24            that it is frivolous, malicious, or fails to state a claim upon which
             relief may be granted, unless the prisoner is under imminent danger
25            of serious physical injury.

26        A review of court records from the United States District for the Central District of

27   California reveals that, before this action was filed, three cases filed by plaintiff in the Central

28   /////

                                              1

District while plaintiff was incarcerated were dismissed at the screening stage[1] because they were time barred.[2] A judge in this court, Magistrate Judge Kendall J. Newman, has recently addressed whether dismissal at screening for violation of the applicable statute of limitations amounts to a dismissal for failure to state a claim upon which relief can be granted under § 1915(g):

> [T]he Tenth Circuit has held that dismissal of a complaint as time-barred, where the time-bar is shown by plaintiff's own allegations, constitutes a strike under § 1915(g). Smith v. Veterans Admin., 636 F.3d 1306, 1312-13 & n.3 (10th Cir. 2011) ("Whether Mr. Smith's claims in Smith 2, 08cv219, were dismissed as premature under Heck [v. Humphrey, 512 U.S. 477 (1994),] or as time-barred based on his own allegations, they were dismissed for failure to state a claim, and the dismissal is a strike under § 1915(g)."), cert. denied, 132 S. Ct. 381 (2011) . . .
>
> In deciding that an inmate's failure to exhaust is an affirmative defense and not a pleading requirement, the Supreme Court stated that:
>
>> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, see Fed. Rule Civ. Proc. 8(c). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract. See Leveto v. Lapina, 258 F.3d 156, 161 (C.A. 3 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face" (internal quotation marks omitted)). See also Lopez-Gonzalez v. Municipality of Comerio, 404 F.3d 548, 551 (C.A. 1 2005) (dismissing a complaint barred by the statute of limitations under Rule 12(b)(6); Pani v. Empire Blue Cross Blue

---

[1] United States district courts are required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

[2] See Williams v. Aparicio, CV14-8640 PA (KK); Williams v. Young, CV 14-8037 PA (KK); Williams v. Kerkfoot, CV 14-7583 GW (KK). Judgment is final in the first two cases. The third is on appeal at the Ninth Circuit. Whether a dismissal by a district court is on appeal is immaterial as to whether the dismissal constitutes a "strike" under § 1915(g). Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015).

2

<u>Shield</u>, 152 F.3d 67, 74-75 (C.A. 2 1998) (dismissing a complaint barred by official immunity under Rule 12(b)(6)). <u>See</u> <u>also</u> 5B C. Wright & A. Miller, Federal Practice and Procedure § 1357, pp. 708-710, 721-729 (3d ed. 2004).

<u>Jones v. Bock</u>, 549 U.S. 199, 214-15 (2007).

As articulated by another colleague,

> When the allegations of a complaint affirmatively demonstrate plaintiff's failure to comply with procedural requirements, including the administrative exhaustion requirement or statute of limitations, dismissal on those grounds constitutes dismissal for failure to state a claim for PLRA purposes.

<u>Williams v. California Dept. of Corrections and Rehabilitation</u>, No. 2:09-cv-0784 AC P, 2013 WL 2151573, *4 (E.D. Cal. May 16, 2013) (finding that dismissal for non-exhaustion at screening, on grounds that constitute failure to state a claim, counts as a strike under § 1915(g)), citing <u>Jones v. Bock</u>, 549 U.S. at 21-15.  In their motion, defendants rely on <u>Francis v. Tilton</u>, No. CIV S-09-0262 GEB GGH P, 2010 WL 235041, *2 (E.D. Cal. Jan. 21, 2010), in which the district court found that the reasoning of <u>Jones v. Bock</u>, 549 U.S. at 215, supports a finding that a statute of limitations dismissal qualifies as a § 1915(g) strike.

More recently, a district judge in the Northern District found that a dismissal with prejudice on the ground that an action was barred by the statute of limitations should serve as a § 1915(g) strike. <u>Bayramoglu v. Cate</u>, No. C 13-1094 YGR (PR), 2014 WL 3704798, at *3 (N.D. Cal. July 23, 2014).  In <u>Bayramoglu</u>, the court relied on the following authority:

> The Ninth Circuit has held that a "claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" <u>Von Saher v. Norton Simon Museum of Art at Pasadena</u>, 592 F.3d 954, 969 (9th Cir. 2010)[3] quoting <u>Huynh v. Chase Manhattan Bank</u>, 465 F.3d 992, 997 (9th Cir. 2006).  As mentioned above, the phrase "fails to state a claim on which relief may be granted" [in § 1915(g)] parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation.

<u>Bayramoglu</u>, 2014 WL 3704798, at *3.  In <u>Knapp</u>, the Ninth Circuit

---

[3] <u>Von Saher</u> was overruled on other grounds by <u>Galbraith v. Cnty. of Santa Clara</u>, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

again confirmed that it interprets dismissal for "'fail[ure] to state a claim upon which relief may be granted,' to be essentially synonymous with a Federal Rule of Civil Procedure 12(b)(6) dismissal." Knapp, 738 F.3d at 1109 (citing Moore v. Maricopa Cnty. Sheriff's Office, 657 F.3d 890, 893 (9th Cir. 2011) ("in enacting section 1915(g), Congress chose to mirror the language of Federal Rule of Civil Procedure 12(b)(6)").). . .

[T]he undersigned is persuaded that where the allegations of the pleading affirmatively demonstrate a prisoner's failure to comply with procedural requirements, such as the statute of limitations, dismissal on such grounds constitutes dismissal for failure to state a claim for purposes of the PLRA. See Jones v. Bock, 549 U.S. at 215; Bayramoglu, 2014 WL 3704798, at *3.

Chatman v. Frazier, 2:13-cv-1605 KJM KJN P, 2015 WL 7455537 at *3-5 (E.D. Cal. Nov. 24, 2015).

After reviewing the cases cited above and other relevant case law, the court finds Magistrate Judge Newman's reasoning persuasive. Therefore, the three cases filed by plaintiff in the Central District which were all dismissed at screening for failure to comply with the statute of limitations count as strikes under § 1915(g).

In addition to the three "strikes" identified above, plaintiff has a fourth "strike" arising out of a Ninth Circuit appeal which was dismissed as frivolous before this action was filed.[4]

There is no allegation by plaintiff that he is under imminent danger of serious physical injury.

In light of the foregoing, plaintiff's request for leave to proceed in forma pauperis will be denied. Plaintiff will be granted fourteen days within which to pay the filing fee for this action. Failure to pay the filing fee within fourteen days will result in a recommendation that this action be dismissed.

/////

/////

/////

/////

/////

_____

[4] Williams v. Young, No. 15-55967.

4

1    Accordingly, IT IS HEREBY ORDERED that:

2        1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is denied.

3        2.  Plaintiff is granted fourteen days within which to pay the $400 filing fee for this action.

4    Failure to pay the filing fee within fourteen days will result in a recommendation that this action

5    be dismissed.

6    Dated:  February 23, 2016

7    _____

8    CAROLYN K. DELANEY
     UNITED STATES MAGISTRATE JUDGE

11   1
12   will0025.3ks